# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, AT KNOXVILLE

| | | |
|---|---|---|
| GENERAL PRODUCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:07-cv-00374 |
| | ) | (Phillips/Guyton) |
| TIMOTHY E. ROPER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| C LANE COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-00216 |
| | ) | |
| TIMOTHY E. ROPER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON JOINT MOTION FOR ESTABLISHMENT OF A PACA CLAIMS PROCEDURE

WHEREFORE, the Plaintiffs, C Lane Company, LLC ("C Lane") and General Produce, Inc. ("General Produce"), have asserted various claims against the defendants, TCRS, Inc. d/b/a East Tennessee Produce (the "Company") and Timothy E. Roper (the "Principal") (the Company and the Principal are further collectively referred to as the "Defendants"), under Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2004 & Supp. 2007) (the "PACA").

WHEREAS, Floyd Wilcox & Sons, Inc., Poppell's Produce, Inc., Castellini Company, LLC, Monterey Mushroom, Inc., Russet Potato Exchange, Inc., and Okray Family Farms, Inc.

1

are known, qualified PACA Trust Creditors who have a definite interest in this case and who will be intervening into this case to assert their legal rights following entry of this Order so as to ensure judicial economy (collectively including C Lane and General Produce are referred to herein as the "PACA Creditors")

WHEREAS, Redbow, Inc., ("Redbow") as assignee of Branch Banking and Trust Company ("BB&T") promissory notes, security agreements and financing statements has asserted or is in the process of asserting a secured, non-PACA interest against assets held in the Company's name or in its legal possession.

WHEREAS, the Company and Principal are located in the Eastern District of Tennessee and with substantially all of the assets held in the Company's name or in its legal possession being located in this District.

WHEREAS, the trust provisions of PACA establish a statutory, nonsegregated trust under which Defendants are required to hold all Trust Assets including all inventory, proceeds and accounts receivable in trust for qualified beneficiaries until full payment is made. 7 U.S.C. § 499(e)(c)2.

WHEREAS, the Company has ceased all business operations and filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, case number 3:07-bk-32864.

WHEREAS, G. Wayne Walls is the duly appointed Chapter 7 Bankruptcy Trustee for the Debtor Company (the "Trustee") and by agreement is made a party to this proceeding due to a potential interest in the distribution of assets and bound by the Court's rulings but is not required to participate.

WHEREAS, the United States Bankruptcy Court for the Eastern District of Tennessee entered an Order lifting the automatic stay against the Company (See 3:07-bk-32864 Doc. #100), thereby properly permitting the PACA Creditors to name the Company as a defendant in this action.

WHEREAS, the PACA Creditors, Redbow and Trustee, having discussed resolving this matter prior to submitting the instant motion and have agreed to litigate and resolve all claims against the Defendants in this District Court and agreed regarding the terms of this PACA Claims Procedure Order outlined below which shall establish the manner in which the Company, with the Principal's assistance, will liquidate its remaining assets, and do so in an orderly fashion to satisfy possible priority claims pursuant to which the PACA Creditors may be entitled to elevated trust beneficiary status under the PACA.

Accordingly, **IT IS HEREBY STIPULATED AND AGREED,** by and between C Lane, General Produce, Redbow and the Trustee, as follows:

A) Under PACA, the PACA creditors and other similarly situated trust beneficiaries may be entitled to a beneficial interest in a single pool of the Company's assets which may include, without limitation, inventory of perishable agricultural commodities (herein "Produce"), proceeds from the sale of Produce, the Company's accounts receivable, cash, and other assets, produce related or not, commingled with proceeds of Produce (collectively the "PACA Trust Assets"). The PACA creditors reserve the right to assert that the Company's other assets, including without limitation, furniture, fixtures, equipment, vehicles, leases and leasehold improvements (collectively the "FF&E") should be considered and deemed to be included in the definition of PACA Trust Assets.

B) The parties agree that this Order is reasonable and necessary to provide a procedural framework for the orderly marshaling and liquidation of the Company's PACA Trust Assets, FF&E and accounts receivable.

C) The parties agree that this Order is reasonable and necessary to provide a procedural framework to review, qualify and satisfy any and all claims against the single PACA trust, to maximize the recovery for all unpaid beneficiaries of the PACA trust and to ensure that the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce the Defendants' obligations to all potential PACA trust claimants.

I. **ESTABLISHMENT OF PACA TRUST ACCOUNT:**

1. Within three (3) business days of the date of entry of this Order, General Produce's counsel is hereby directed to open a non-interest bearing account at any federally insured bank within this District, under the account name of "**TCRS PACA Trust Account**", under TCRS's federal tax identification number for the benefit of all qualified PACA trust beneficiaries and to hold any and all PACA Trust Assets until further Order of this Court (the "PACA Trust Account"). Michael W. Ewell, counsel for General Produce, shall serve the signatory on the account and Mr. Ewell shall file reports of all account activity with the Court on a quarterly basis or otherwise as the Court may request. The PACA Trust Account shall not be subject to execution, levy, or attachment by any PACA or non-PACA creditor without further order of this Court.

2. Once the PACA Trust Account is opened, the Company and any of its corporate officers shall immediately deliver any and all sums constituting PACA Trust Assets in the

Company's possession to Mr. Ewell for deposit into PACA Trust Account to be held on behalf of the qualified trust beneficiaries.

3. Any bank or financial institution holding PACA Trust Assets of the Company is hereby directed, upon receipt of this Order via facsimile transmission or otherwise, to transfer the funds in that account to Mr. Ewell for deposit into the PACA Trust Account.

4. The Company shall maintain the integrity and security of the Company's financial records including accounts payable and the accounts receivable. Upon written request, the Company shall produce or allow inspection of such records that are reasonably necessary to enforce this Order including without limitation, books and records, invoices, credit, memos, receivables ledgers, insurance policies, inventory lists, accounts payable lists, customer lists and invoices from vendors.

5. No funds shall be disbursed from the PACA Trust Account except upon further Order of this Court.

## II.  LIQUIDATING THE COMPANY'S ACCOUNTS RECEIVABLE

6. The Debtor has scheduled $298,830.91 in Produce accounts receivable.

7. The PACA Creditors, Redbow and the Trustee agree the accounts receivable from the sale of Produce are PACA Trust Assets.

8. The PACA Creditors, Redbow and the Trustee agree to appoint Michael W. Ewell (herein the "Escrow Agent") to marshal, liquidate and deposit proceeds from the liquidation of the Company's Produce accounts receivable into the PACA Trust Account.

9. The PACA Creditors, Redbow and the Trustee shall have no responsibility or obligation to any person or entity with respect to the PACA Trust Account, or the tasks to be

performed in the administration thereof, other than to comply in good-faith with the terms of the orders of this Honorable Court. The Escrow Agent may rely on and shall be protected in acting and/or refraining from acting on any statement, certificate, notice, request, consent, order or other documents (including the Company's corporate records and books) reasonably believed by him to be genuine and to have been signed or presented by the proper party or parties, or their counsel. The Escrow Agent shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or other documents. The Escrow Agent shall not be liable for any mistake of fact or error of judgment, or for any fact done or omitted in good faith as required or permitted by order of this Honorable Court. The Escrow Agent shall be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account. Because the Escrow Agent is providing services for the benefit of the PACA Creditors, the PACA Creditors shall hold the Escrow Agent harmless from and against all claims, demands, losses, damages and causes of action asserted against the Escrow Agent as a result of or relating to the administration of the PACA Trust Account other than his intentional or reckless misconduct.

10. Redbow, as assignee of BB&T's promissory notes, security agreements and financing statements, asserts a secured interest in the Company's accounts receivable but expressly agrees that the Company's Produce accounts receivable and the money generated from liquidating the same, are PACA Trust Assets. Further, Redbow expressly agrees that Redbow's claim is subordinate to all of claims of all creditors who qualify as PACA trust beneficiaries of the Company.

11. Under further Order of this Court, the Defendants shall continue to have the duty to collect, marshal and turn-over PACA Trust Assets to the Escrow Agent.

6
Case 1:07-cv-00216   Document 27   Filed 08/18/08   Page 6 of 14   PageID #: 259

### III. PACA CLAIMS PROCEDURE

12. C Lane's Counsel shall within seven (7) business days after the receipt of the listing of the Company's accounts payable, issue a written notice of all dates and deadlines relevant to this claims procedure, along with a copy of the Order, to all entities on the Company's listing of accounts payable (the "Notice"). Such written Notice shall be sent via certified first class mail with return receipt requested, or any equally verifiable means to prove delivery upon the recipient.

13. The Notice, a draft of which is attached as <u>Exhibit A</u>, shall be structured on the following schedule (Counsel shall complete the Notice with all specific dates based on the date of this Order):

| | |
|---|---|
| **Defendants to Deliver A/P Listing to Counsel** | **3 bus. days** |
| **Counsel to Issue Notice & Publication Requests** | **5 bus. days** |
| **Deadline to File & Serve PACA Complaint in Intervention & Proof of Claim ("Proof of Claim Deadline")** | **30 days** |
| **Deadline to file Objections to any PACA Proof of Claim ("Objection Deadline")** | **21 days** |
| **Deadline to File Replies to any Objections ("Reply Deadline")** | **10 days** |
| **Deadline to File PACA Trust Chart ("Deadline to File PACA Trust Chart")** | **14 days** |
| **Deadline to file Objections to the PACA Trust Chart ("Deadline to Object to PACA Trust Chart")** | **10 days** |

14. Each unpaid supplier of Produce to the Company holding a claim for nonpayment for Produce and alleging rights under the PACA Trust, shall file with the Clerk of the Court for this District, and serve the individuals listed in Paragraph 16 of this Order, on or before

7

the Proof of Claim deadline, a completed PACA Proof of Claim in a form similar to that attached to this Order as Exhibit B together with any and all documents supporting its claim **and** a Complaint in Intervention which complies with Federal Rule of Civil Procedure 8(a). All persons or entities having an unpaid invoice for the sale of Produce to Company are hereby granted leave to intervene ***without further notice or motion*** and, once having intervened, each such entity shall be bound by all Orders entered in this case.

15. Any creditor claiming to have a valid PACA trust claim against the Company and wishing to intervene or otherwise join in this action, in addition to filing their Complaint in Intervention and Proof of Claim with Clerk of Court of this District, shall also serve upon the following or before the Proof of Claim Deadline, and addressed follows:

| | |
|---|---|
| **C LANE COMPANY, LLC:**<br>Miguel Martin-Johnston, Esq.<br>KEATON & ASSOCIATES, P.C.<br>1278 West Northwest Highway- Suite 903<br>Palatine, Illinois 60067<br>Tel: 800/535-9949 | **GENERAL PRODUCE, INC.**<br>Jeremy A. Moulton, Esq.<br>MOULTON & TARRER, LLC<br>925 Railroad Street<br>Conyers, Georgia 30012<br>Tel: 770/483-4406 |
| **RUSSET POTATO EXCHANGE, INC.**<br>**MONTEREY MUSHROOMS, INC.,**<br>**OKRAY FAMILY FARMS, INC.**<br><br>Katy L. Koestner Esquivel, Esq.<br>MEUERS LAW FIRM<br>5395 Park Central Court<br>Naples, Florida 34109<br>Tel: 239/513-9191 | **CASTELLINI COMPANY, LLC.**<br>**FLOYD WILCOX & SONS, INC.**<br><br>Devin Oddo, Esq.<br>MARTYN & ASSOCIATES<br>820 Superior Avenue N. W., Tenth Floor Cleveland, Ohio 44113<br>Tel: 216-861-4700<br>Fax: 216-861-4703 |
| **REDBOW, INC.**<br><br>M. Edward Owens, Jr.<br>LEWIS, KING, KRIEG & WALDROP, PC P.O. Box 2425<br>Knoxville, Tennessee 37901 | **POPPELL'S PRODUCE**<br><br>Maria Simon, Esq.<br>McCARRON & DIESS<br>4900 Massachusetts Ave., N.W., Suite 310<br>Washington, DC 20016 |

| | Tel: 202/364-0400 |
|---|---|

16. Any PACA supplier or creditor who fails to file such PACA Proof of Claim **and** Complaint in Intervention with the Court and the individuals listed in Paragraph 15 of this Order on or before the Proof of Claim Deadline, *shall be forever barred* from thereafter asserting any claim against the Company its officers, directors, or employees, whether in this Court or any other forum. Each PACA Proof of Claim must be verified by either the owners or an authorized employee of the respective claimants having personal knowledge of the facts comprising such claims.

17. Any person or entity who joins this case shall be deemed a party and shall be bound by the terms of all Orders entered in this case.

18. Any objections to any PACA claims must be filed with the Clerk of this Court, and also upon the PACA claimant asserting the claim to which the Objection relates on or before the "Objection Deadline." The objection must set forth in detail the legal and factual basis for the objection for each invoice claimed.

19. On or before the "Reply Deadline," any PACA claimant whose claim is subject to an objection may file with the Clerk of this Court a detailed response to any objection received, and serve the attorney for the objecting party.

20. The claimant and objecting party shall thereafter exercise best efforts to resolve any Objections. In the event the claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, PACA claimant's counsel or objecting party's counsel shall file a motion for determination of the validity of the disputed PACA claims. Nothing in this Order shall be construed as shifting the burden away from the objecting party

of establishing the bases supporting disqualification of the challenged claim under the PACA.

21. Any PACA claim, which was timely filed and served in accordance with this Order, but which was not subject of a timely-filed objection shall be deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim.

22. On or before the Deadline to File PACA Trust Chart, C Lane's Counsel shall prepare, file with the Court and serve via regular U.S. Mail and e-mail upon all counsel identified in paragraph 16, a chart listing each person or entity having properly and timely intervened and filed a PACA Proof of Claim, the amount which is deemed valid due to no objections being filed, the amount which is deemed invalid due to no reply to a timely filed objection, the amount, if any, subject to a pending objection and the amount of any objection that was resolved by settlement (the "PACA Trust Chart"). The PACA Trust Chart will also list the funds available for a proposed distribution which shall equal 80% of the total undisputed claims ("Available Funds"). The PACA Trust Chart must list the pro-rata distribution of the Available Funds to the undisputed claims and the pro-rata shares held-back pending resolution of the objections.

23. If no PACA Trust Beneficiary files an objection to its proposed pro-rata distributions as listed on the PACA Trust Chart within ten (10) days of its being filed, all proposed distributions shall be conclusively determined. Any timely objections to the PACA Trust Chart shall be resolved between the parties or submitted to the Court, upon motion by either party, for a ruling on the merits of the disputed PACA Trust claim.

24. The pro-rata portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to such proposed distribution is

resolved. Upon resolution of the objection, the reserve portion is either used to make the pro-rata distribution to the claim if the Claimant prevails or is made available for distribution to other valid claims if the claim is disallowed. Any time prior to disbursement, however, the Trustee reserves the right to object to the disbursement based on certain assets(s) proposed for disbursement being an asset(s) of the estate of the Company and therefore properly to be turned over to the Trustee.

25. In order to ensure all trust beneficiaries share in the costs and expenses incurred in enforcing the Company's obligations under the PACA on the same pro-rata basis as they are accepting the benefits of such actions, including the prospective costs of marshaling the PACA Trust Assets for their direct benefit, any counsel shall include that portion of their fees and costs which fairly relate to the preparation and execution of this Joint Stipulated PACA Claims Motion and the liquidation of the PACA trust claims in this case as a separate line item in the PACA Trust Chart prior to circulation in accordance with this Order.

26. Any PACA Trust Beneficiary may file a written objection to the inclusion or exclusion of such fees and costs within ten (10) days of the filing of the PACA Trust Chart and the Court shall resolve any qualified PACA Trust Beneficiary's timely-filed objection regarding such fees and expenses.

27. Within fourteen (14) days after the deadline to object to the PACA Trust Chart, C Lane's Counsel shall file a motion for interim disbursement of PACA trust funds ("Interim Disbursement Deadline").

28. Since the initial disclosures and discovery are in part being provided for in this Order, the parties are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure until the Interim Disbursement Deadline set for in paragraph 13.

29. The Court shall exercise exclusive jurisdiction over this action, the PACA Trust Assets and the PACA Trust Account established pursuant to this Order and retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

**APPROVED FOR ENTRY:**

/s/ Michael W. Ewell
Michael W. Ewell (BPR No. 013212)
FRANTZ, MCCONNELL & SEYMOUR, LLP
P.O. Box 39
Knoxville TN 37901
(p) (865) 546-9321
(f) (865) 637-5249
mewell@fmsllp.com
Attorneys for General Produce, Inc.

OF COUNSEL:
MOULTON & TARRER, LLC
Jeremy A. Moulton
MOULTON & TARRER, LLC
925 Railroad Street
Conyers GA 30012
(p) (770) 483-4406
(f) (770) 388-9201
jeremy@moultonfirm.com

  /s/  John W. Chandler, Jr.
John W. Chandler, Jr.  (BPR No. 6219)
CHANDLER & CHANDLER
427 East 5th Street
Chattanooga, TN  37403
(p) (423) 265-0303
(f) (423) 265-0405
chandlerlaw@yahoo.com
Attorneys for C. Lane Company, LLC
KEATON & ASSOCIATES, P.C.
Miguel Martin-Johnston, Esq.
1278 West Northwest Highway – Suite 903
Palatine, IL  60067
(p) 847-934-6500
(f) 847-934-6508
Johnston@pacatrust.com


  /s/  M. Edward Owens, Jr.
M. Edward Owens, Jr.  (BPR No. 7159)
LEWIS, KING, KRIEG & WALDROP, PC
620 Market Street, 5th Floor
Knoxville, TN  37902
(p) 865-546-4646
(f) 865-523-6529
eowens@lewisking.com
Attorneys for Redbow, Inc.


  /s/ Gregory C. Logue
Gregory C. Logue  (BPR No. 12157)
WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER
900 S. Gay Street
Knoxville, TN  37902
(p) 865-215-1000
(f) 865-215-1001
glogue@wmbac.com
G. Wayne Walls, Chapter 7 Trustee for TCRS, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August _____, 2008, a true and exact copy of this pleading or document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                /s/ Miguel Martin-Johnston