UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GENERAL PRODUCE, INC., | ) |
| Plaintiff, | ) 1:07-cv-00374 |
| v. | ) Honorable Thomas W. Phillips |
| TIMOTHY E. ROPER, | ) |
| Defendant. | ) |
| | |
| C LANE COMPANY, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| TCRS, INC. d/b/a EAST TENNESSEE PRODUCE and TIMOTHY E. ROPER, | ) |
| Defendants. | ) |

## PACA PROOF OF CLAIM OF
## FARM-WEY PRODUCE, INC.

1. I, Zach Duncan of Farm-Wey Produce, Inc. (the "Claimant"), hereby file this Proof of Claim and declare under penalty of perjury that the following are true statements and the attached documents are true and correct copies of original documents, which are filed with this Declaration for the purpose of supporting Claimant's PACA claim as a beneficiary of the trust created against TCRS, Inc. d/b/a East Tennessee Produce (the "Company"), pursuant to §499e(c) of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499t (2006 & Supp. 2008) (the "PACA") and the Code of Federal Regulations implementing PACA promulgated by the Secretary of the United States Department of Agriculture ("USDA"), 7 C.F.R.§ 46.46, and I am authorized to make this Proof of Claim and am competent to testify regarding the statements made in this Proof of Claim.

2. Claimant:

☒ is licensed by the USDA-PACA, and currently holds valid PACA license number 19950606, and was so validly licensed during the period applicable to the transactions which are the subject of this claim.

☐ is not licensed by the USDA-PACA, and was not so licensed during the period applicable to the transactions which are the subject of this claim.

3. The sales transactions between Claimant and the Company were based on the following payment term:

☒ Payment was due withing ten (10) days after the day on which the produce was accepted as provided for in 7 C.F.R. §46.2(aa)(5).

☐ On the _____-day written payment terms from the date of (*check one*):

☐ Shipment  ☐ Invoice  ☐ Delivery  ☐ Acceptance

True and accurate copies of written agreements, if any, providing for such payment terms are attached to this Declaration.

4. Claimant sold perishable agricultural commodities (hereinafter "Produce") on credit to the Company as described in the chart attached to this declaration ("Trust Chart"). In each instance, the Company received and accepted the Produce and no adjustments have been made on the invoice except as listed. True and accurate copies of all relevant invoices are attached to the Trust Chart. In the Trust Chart, I have used the term "Invoice Number" to refer to the number under which the commodity was sold to the Company; "Date of Acceptance, Invoice or Shipment" refers to the date which begins the payment terms between the parties; "Payment Due Date" refers to the date payment was due based upon the payment terms between the parties; "Date Notice Given" refers to the date Claimant's Invoice or Notice of Intent to Preserve Trust Benefits (hereinafter "Trust Notice") was given to the Company, if applicable; "Invoice Amount Due" refers to the amount owed and remaining unpaid, whether or not it qualifies for trust protection; and "PACA Trust Amount" refers to the amount owed and remaining unpaid qualifying for trust protection pursuant to the

2

provisions of PACA.

5. Claimant preserved its PACA trust interest against the Company;

    ☒ by including the statutorily required language on Claimant's invoice or other billing statement (7 U.S.C. §499e(c)(4)); or

    ☐ by serving Trust Notices upon the Company (7 U.S.C. §499e(c)(3)).

6. On the invoice dates indicated on the Trust Chart and appearing on each of the invoices, each invoice was sent to the Company via U.S. Mail.

7. Attached to this Declaration are true and accurate copies of all Trust Notices, if applicable, all unpaid invoices, and other evidence and documents which may be necessary or helpful for the just determination of this claim.

8. The total amount past due and unpaid from the Company total $3,756.50, of which $3,756.50 qualifies for PACA trust protection.

9. The Claimant provides the following additional information and documents it believes may be necessary and helpful for the just determination of its claim. (Attach anything else you would like to place before the Court and intend to introduce at trial in connection with proving your claim as a PACA trust beneficiary.)

    **I declare the above statement to be true and correct under penalty of perjury as set forth in 28 U.S.C. §1746.**

Dated this 24 day of September 2008.

Signature: Zach Duncan

Print Name: Zach Duncan

Print Title: Sales Manager

3

**PACA TRUST CHART**

Claimant: Farm-Wey Produce, Inc.  Debtor: TCRS, Inc. d/b/a East TN Produce
Date: 09/23/08  Terms: Net 10 + 1.5% per mo. interest + fees

| INVOICE NUMBER | DATE OF TRANS. | PAYMENT DUE | NOTICE DATE | INVOICE AMOUNT | CREDITS ALLOWED | BALANCE DUE | ACCRUED INTEREST* | INVOICE TOTAL | TRUST AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 42472 | 07/12/07 | 07/22/07 | 07/12/07 | $ 2,644.00 | | $ 2,644.00 | $ 612.76 | $ 3,256.76 | $ 3,256.76 |
| Collection Costs** | | | | | | | | | $ 500.00 |
| TOTALS | | | | $ 2,644.00 | | $ 2,644.00 | $ 612.76 | $ 3,256.76 | $ 3,756.76 |

* Interest calculated through the date set forth above
** Collection costs incurred through date set forth above

# Farm-Wey Produce, Inc.

135 Horizon Court
Lakeland, FL 33813
(863) 646-0800

INVOICE NUMBER
INVOICE DATE 42472
CUSTOMER NO. 07/12/07

| QUANTITY | ITEM NUMBER | DESCRIPTION | UNIT DATE | NET AMOUNT |
|---|---|---|---|---|
| 33 | | ATHENA 110 | 80.00 | 2,640.00 |

SOLD TO:

EAST TENNESSEE PRODUCE
2503 W BEAVER CREEK DR

KNOXVILLE, TN 37849

| | |
|---|---|
| SUB TOTAL | 2,640.00 |
| TAXES | |
| TOTAL | |
| PAID | 2,640.00 |
| BALANCE | 2,640.00 |

SHIPTO:

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5C of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. Buyer agrees to pay all costs of collection including attorneys' fees and costs and sums owed in connection with this transaction in the event collection action becomes necessary.

A finance charge of 1.5%(18% APR) will be added to amounts not paid within 30 days of invoice date.

In order to comply with P.A.C.A. trust fund provision; this invoice is payable in full within 21 days after date of invoice.

FARM-WEY PRODUCE INCORPORATED
135 Horizon Court
Lakeland, Florida 33813
(863) 646-0800
Fax (863) 644-0123

SHIPPER'S FILE NO. 42472
TRAILER LICENSE T76051L TN
Truck Owner East Tn. Produce
Truck Broker East Tn. Produce
Driver Dan Pearson

Date: 7-12-07

**IN EVENT OF ANY DELAY --- IMMEDIATELY CALL CONSIGNEE COLLECT**
**$100.00 FINE FOR NO CALL**

Consignee East Tenn
Address
Destination
Phone No.

PO#
Shipped From JMS Farms
Moultrie, GA

| No. Pkgs | Description | | |
|---|---|---|---|
| 33 | Bin Athena Cantaloupe | JBO | |
| | Carton Cantaloupe | | |
| | | | |
| | | | |
| NOTE | SHORTAGE ON COUNT OR CWT. WILL BE TAKEN OFF FREIGHT. | | |

**DRIVER LOAD & COUNT** ____________
Driver
X [signature]

**RECEIVER: Unloading Must Be On The Bill**
Customer:
X ____________

**Any exception to good delivery MUST be noted on delivery receipts to be binding. Clear receipt constitutes good delivery; Invoice to be paid in full.** The merchandise described above received in apparent good order and condition and consigned and destined as indicated above, which the said truck owner or the driver as his agent, agrees to carry and deliver to Consignee in good condition and good order at said destination. In accepting this shipment the above signator, as owner agent or driver for owner, assumes all responsibility for it safe delivery in good condition to destination and will reimburse shipper for all damage to merchandise.